## CIRCUIT COURT OF FAIRFAX COUNTY

Abigail L. Wilson,
personal representative
of Bruce R. Wilson, Jr.,
deceased

v.

Traditional Floor Covering, Inc.

April 27, 1988

Case No. (Law) 79256

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Plaintiff's Motion to Set Aside the Verdict and Plaintiff's Motion for a New Trial. The Court has carefully reviewed the record, evidence and relevant authority. For the reasons specified below, the Court denies both of Plaintiff's motions.

By her motions, Plaintiff contends that the Court erred in admitting into evidence the statement "step on it" which was purportedly uttered by the deceased immediately before the fatal automobile crash. She asserts that the statement was not corroborated as required by Virginia Code § 8.01-397 (Repl. Vol. 1984), and that its admission, once coupled with the assumption of the risk instruction, resulted in an erroneous verdict for the defense. Consequently, she asks that the verdict be set aside and judgment entered in her favor or, in the alternative, that a new trial be set.

The Court is not persuaded by Plaintiff's assertions. The Court, during the trial, already held as a matter of law that the statement was corroborated as contemplated by § 8.01-397. The evidence presented to and received by the jury established that Bruce Wilson was particularly

interested in the car's speed and performance ability. The events prior to the errand upon which the driver, James Moss, was sent and the conversation surrounding those circumstances sufficiently corroborated the admitted statement which was proffered to show that Bruce Wilson assumed the risk of an accident occurring. Corroborating evidence is sufficient if it "tends to confirm and strengthen the testimony of the witness." *Hereford v. Payles*, 226 Va. 604, 608 (1984). It need not be sufficient by itself to support the verdict, but it "must at least tend, 'in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings [and] testified to by the surviving witness . . . which allegation or issue, if unsupported, would be fatal to the case'." *Id.* (quoting *Burton's Ex'r v. Manson*, 142 Va. 500, 508 (1925) (original brackets; emphasis omitted). Moreover, corroborating evidence, to be sufficient, does not have to come from other witnesses but may be provided by circumstantial evidence which tends to show the probability of the truth of the surviving witness's testimony. *Hereford* at 608; *see also Brooks v. Worthington*, 206 Va. 352, 357 (1965).

The Court finds that James Moss's testimony was adequately corroborated as required by § 8.01-397 and that the jury was properly instructed on Bruce Wilson's assumption of the risk. Consequently, Plaintiff's motions are denied. The effect of the order entered on April 4, 1988, suspending the Judgment Order entered on March 15, 1988, is to end upon entry of an appropriate order.